UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DIANE KRAUSE-HALE, | Case No. 2:22-CV-184 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| CSAA GENERAL INSURANCE COMPANY, | |
| Defendant(s). | |

Presently before the court is plaintiff Diane Krause-Hale's ("Krause-Hale") motion to remand. (ECF No. 6). Defendant CSAA General Insurance Company ("CSAA") filed a response (ECF No. 8). Krause-Hale did not reply, and the time to do so has passed.

**I.   Background**

This matter arises from CSAA's alleged undercompensating Krause-Hale for her uninsured or underinsured motorist ("UIM") coverage claim. On March 10, 2016, Krause-Hale was injured by a third party in a motor vehicle collision. (ECF No. 1-2 at 5). The third party's full policy limit of $50,000 was tendered to Krause-Hale (*id.*), but she felt this amount to be insufficient in consideration of her injuries. (*Id.* at 5). Krause-Hale thus made a demand to her insurer, CSAA, for the policy limit of $300,000 under her UIM coverage on or about December 26, 2019. (*Id.* at 6).

CSAA initially paid Krause-Hale $105,000 in UIM benefits. (*Id.* at 2). However, Krause-Hale maintained that this amount was unreasonable and delivered "a [s]upplemental demand setting forth additional damages" to CSAA. (*Id.* at 6, ¶ 16). CSAA denied her supplemental demand; then she sued it in Nevada state court on December 23, 2021. (*Id.* at 3).

**James C. Mahan**
**U.S. District Judge**

In her removed complaint, Krause-Hale alleges the following causes of action: 1) breach of contract, 2) breach of the covenant of good faith and fair dealing, and 3) violation of Nevada Revised Statute § 686A.310.  (*Id.* at 7–8).  Krause-Hale alleges general and special damages in excess of $15,000 for claims one, two, and three, punitive damages for claims two and three, and attorney's fees and costs for all claims.  (*Id.* at 9–10).

On February 1, 2022, CSAA timely removed this matter to this court on the grounds of diversity jurisdiction.  (ECF No. 1).  Krause-Hale now moves to remand, arguing the amount in controversy does not exceed $75,000.  (ECF No. 6).

**II.   Legal Standard**

Federal courts are courts of limited jurisdiction.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Accordingly, there is a strong presumption against removal jurisdiction.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted).  Under the removal statute, a defendant may remove any civil action over which the court has original jurisdiction.  28 U.S.C. § 1441(a).

After a defendant learns that an action is removable, it has thirty days to file a notice of removal.  *Id.* § 1446(b).  That is, "the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable."  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal with a motion to remand.  28 U.S.C. § 1447(c).  The defendant must then prove by a preponderance of the evidence that the court has original jurisdiction.  *See Gaus v. Miles, Inc.,* 980 F.2d 564 (9th Cir. 1992).  Thus, if removal rests on diversity jurisdiction, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

The removing defendant does not have to predict the eventual award with legal certainty.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  But it "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*,

980 F.2d at 567. Thus, a defendant removing a case to federal court has the burden to prove by a preponderance of the evidence that the jurisdictional amount is met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996). The court resolves ambiguity in favor of remand. *Hunter*, 582 F.3d at 1042 (citation omitted).

Finally, if remand is appropriate, the court determines whether to award attorney fees to the prevailing plaintiff. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005).

**III.   Discussion**

As an initial matter, the parties do not dispute that removal was timely and that there is complete diversity of citizenship. (*See generally* ECF Nos. 6; 8). Thus, the issue before the court is whether the amount in controversy is met.

Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Ibarra v. Manheim Invests., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). However, the amount in controversy determination "is not confined to the face of the complaint" and the court may consider "summary judgement-type evidence" provided by the defendant to show the jurisdictional threshold is met. *Valdez*, 372 F.3d at 1117; *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

Here, Krause-Hale claims general and special damages in excess of $15,000 for claims one, two, and three, punitive damages for claims two and three, and attorney's fees and costs for all claims. (ECF No. 1 at 9–10). Under Nevada law, Krause-Hale's pleading of monetary amounts exceeding $15,000 is adequately specific at the pleading stage. NEV. R. CIV. P. 8(a)(4). However, because such pleading is a perfunctory request, exceeding $15,000 "is unpersuasive evidence of the true amount in controversy." *See Cooper v. Gov't Emps. Ins. Co.*, No. 2:20-cv-2287-JCM-NJK, 2021 WL 374970, at *2 (D. Nev. Feb. 3, 2021).

While the court does not adversely infer that her claims are less than $75,000 simply because she requested only "in excess of $15,000," the amount in controversy is not apparent on the face of the complaint without more specific pleading. Therefore, it looks to CSAA's summary judgment-type evidence.

James C. Mahan
U.S. District Judge

- 3 -

A. <u>Krause-Hale's demand letters reflecting settlement negotiations do not prove an amount in controversy</u>

According to CSAA, Krause-Hale has already claimed $137,933.75 in past medical bills relating to the accident along with a fifty percent reduction in her income. (ECF No. 1 at 2). However, these figures are not even mentioned in the removed complaint and are only brought up by CSAA in its petition for removal. (*See id.*).

To show that the amount in controversy requirement is met, CSAA relies on monetary amounts from Krause-Hale's settlement demand letters. (ECF No. 8 at 14–15). Specifically, in her letter dated December 27, 2016, Krause-Hale demanded CSAA remit her UIM policy limit of $300,000. (ECF No. 8 at 13). CSAA responded by offering and tendering $105,000, but Krause-Hale reiterated that she would not consider any offers that were less than the policy limit.

While the court may consider settlement demands in some contexts, a "settlement letter is relevant evidence of the amount in controversy [only] if it appears to reflect a reasonable estimate of the plaintiff's claim." *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840, 840 n.3 (9th Cir. 2002). Here, Krause-Hale's blanket demand for the policy maximum, despite her medical bills reflecting less than half of that amount, reflects a lack of reasonableness in her estimation of her damages. Therefore, the court finds that that Krause-Hale's demand letters do not reflect an amount in controversy over $75,000.

B. <u>CSAA fails to establish any probable amount for punitive damages</u>

Courts also consider punitive damages in determining the amount in controversy when a plaintiff can recover punitive damages as a matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). A defendant may present "evidence of jury verdicts in cases involving similar facts" to establish a probable monetary amount for punitive damages. *Flores v. Standard Ins. Co.*, No. 3:09-cv-00501-LRH-RAM, 2010 WL 185949, at *5 (D. Nev. Jan. 15, 2010) (citing *McCaa v. Massachusetts Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004)).

Here, CSAA argues that Krause-Hale could potentially be awarded over a million dollars in punitive damages. (*See* ECF No. 8 at 16–17). This is mere speculation. While CSAA provides some cases to support punitive damages in that amount, it admits that the jury in the case with the most similar facts to this matter awarded no punitive damages at all. (ECF No. 8 at

James C. Mahan
U.S. District Judge

- 4 -

16). Thus, CSAA fails to establish a probable money amount for punitive damages. Therefore, Krause-Hale's allegations of punitive damages suggesting an amount in controversy exceeding $75,000 are unsupported.

Accordingly, because the amount in controversy is not facially apparent on the removed complaint, and because CSAA fails to otherwise show by a preponderance of the evidence that the amount in controversy exceeds $75,000, Krause-Hale's motion for remand is GRANTED.[1]

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Krause-Hale's motion to remand (ECF No. 6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Krause-Hale's request for attorney's fees (ECF No. 1) be, and the same hereby is, DENIED.

DATED June 14, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

[1] However, Krause-Hale is not entitled to attorney's fees and costs under § 1447(c) because CSAA reasonably disputed the amount in controversy in the suit. Krause-Hale's removed complaint alleges damages for three causes of action, which collectively total to an amount exceeding $45,000, plus punitive damages for two causes of action. (ECF Nos. 1-2 at 9–10; 8 at 15). Because CSAA had an objectively reasonable basis for removing the suit to federal court, Krause Hale's request for attorney's fees and costs is DENIED.

**James C. Mahan**
**U.S. District Judge**

- 5 -